Date Filed 12/29/2025 7:43 PM
Superior Court - Suffolk
Docket Number

ER

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                         SUPERIOR COURT DEPARTMENT

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )          Civil Action No. |
| | ) |
| ADRIAN LOONEY, | ) |
| | ) |
| Defendant. | ) |

**VERIFIED COMPLAINT AND JURY DEMAND**

Plaintiff Jane Doe, by and through her attorneys, Sweeney Merrigan Law, LLP, for her Complaint alleges as follows:

**INTRODUCTION**

1.      This is a lawsuit involving the manipulation and abuse of a young woman by an older, wealthier and more powerful man, who swept her up in a whirlwind of romantic gestures only to violate her bodily integrity and her trust once he had her under his control.

2.      Plaintiff Jane Doe ("Plaintiff") brings this lawsuit against Defendant Adrian Looney ("Defendant") to recover for injuries she sustained due to Defendant's abusive conduct, including sexual assault and nonconsensual capturing and creation of explicit, nude images of Plaintiff.

**PARTIES**

3.      Plaintiff is an individual residing in New York City, New York.

4.      Defendant is an individual residing at 501 Congress Street, Apt. 2018, Boston, Suffolk County, Massachusetts.

1

## FACTS

5.      On or around April 2025, Plaintiff and Defendant met on an online dating site.

6.      Defendant's profile stated that he was forty-nine years old at the time and promised to spoil his matches.

7.      Plaintiff was twenty-two years old and about to graduate from college with her undergraduate degree.

8.      Defendant and Plaintiff began communicating on the dating site via private message, and Defendant made several grand, romantic proclamations, including that he was "[l]ooking to spoil" Plaintiff and that he "would love the chance to spoil [her] and for [her] to be [his] princess."

9.      Defendant also promised that he would "travel around the world" with Plaintiff and "provide for [her] needs and wishes[.]"

10.     As a young woman on the precipice of entering the world outside her university, and joining a troubled workforce in an unstable economy, Plaintiff found these pronouncements to be enticing.

11.     On or around April 27, 2025, Defendant and Plaintiff began messaging outside of the dating site and texting each other through their personal phone numbers.

12.     On or around May 3, 2025, Plaintiff met Defendant in person for the first time when they dined together in Boston.

13.     At this first meeting, Defendant invited Plaintiff to join him on an upcoming business trip to London, paid for by his employer, Vertex Pharmaceuticals Incorporated.

14.     Plaintiff was flattered by this invitation and, despite her reservations about

2

traveling with someone she had only recently met, considered joining him.

15.     On or around May 6, 2025, Defendant and Plaintiff met a second time in person for a date.

16.     On that date, Defendant reiterated his invitation to Plaintiff and asked her to join him on his upcoming business trip in London.

17.     Later that evening, Defendant and Plaintiff had sex for the first time. During the encounter, which was consensual, Defendant asked Plaintiff if he could strike her in the face for his sexual gratification. Surprised, Plaintiff hesitantly agreed to allow him to strike her. However, she was soon shocked and disturbed when Defendant used an unreasonable amount of force that vastly exceeded what she had been expecting when she agreed to his unusual request.

18.     Confusingly for Plaintiff, despite her feeling of violation upon being slapped by Defendant with immense force, she nonetheless found him charming and otherwise effusive towards her and wanted to continue seeing him.

19.     Shortly thereafter, Defendant departed for his trip to London.

20.     Throughout the trip, Defendant sent Plaintiff numerous updates on his travel and various excursions in England. Defendant also reiterated his invitation for Plaintiff to join him in London at his expense.

21.     Throughout his communications with Plaintiff, Defendant established a pattern of flaunting his wealth, connections and social status, and these communications from London were no different.

22.     Soon after, Plaintiff decided to accept Defendant's invitation to join him in London, and Defendant helped Plaintiff arrange a UK travel visa with his name, position and company, and the address of the hotel at which Plaintiff was to join him.

3

23.     On or about May 21, 2025 — a mere week after Plaintiff graduated from her undergraduate program with a bachelor's degree — Plaintiff arrived in London to stay with Defendant in the hotel room at the Roseate House that had been booked for his business travel.

24.     The first couple of days were relatively uneventful, but the trip would prove to be devastating for Plaintiff.

25.     On or around May 23, 2025, Plaintiff was sleeping in bed when she awoke to the force of Defendant's naked body on top of hers.  Confused and disoriented, she quickly pieced together the general outline of what had happened — Defendant had ejaculated on her body then passed out after sexually assaulting her while she slept.

26.     Shocked and disturbed, Plaintiff went back to sleep.  When she woke up the next morning, she was greeted by Defendant's staring at her and informing her in a menacing tone, "I am watching you."

27.     Throughout the trip, Mr. Looney violated Doe's boundaries in other ways, such as convincing her to go to a strip club despite her clear hesitance, demanding she receive a lap dance from one of the dancers and coercing her to remain in a sexually explicit and exploitative environment despite her discomfort.

28.     On or about the evening of May 24, 2025, after the incident at the strip club, Plaintiff confronted Defendant in his hotel room and explained that if they were to continue seeing each other, then Defendant would have to honor her boundaries and treat her with respect. Defendant agreed, and the two reconciled before falling asleep.

29.     The next morning, on or about May 25, 2025, Plaintiff left for the airport and flew home to Massachusetts.

30.     Unbeknownst to Plaintiff at this time, Defendant had taken naked pictures

of her fully exposed body and face while she slept above the covers, doing so in secret and without Plaintiff's knowledge or consent.

31.    On or around May 27, 2025, Plaintiff learned of these photos when Defendant shared them with her via iCloud, apparently unintentionally.

32.    Upon learning of the pictures, in which she was clearly identifiable on their face, Plaintiff felt extremely distressed and violated. She feared that Defendant would disseminate the photos to third parties, as he had told her he had done in the past with intimate or explicit photos of other women.

33.    Plaintiff, feeling too uncomfortable to confront Defendant directly given the violence he had committed and his frequent references to his money, power, connections, status and education, attempted to initiate a general conversation about nude photos with Defendant. She told him that she was not interested in taking nude photos or being photographed in the nude at any point. Defendant assured her he did not expect to receive such images and was not interested in taking or possessing them anyway. Given her earlier discovery, Plaintiff knew this was a lie.

34.    As a result of Defendant's sexual violence and violation of privacy inflicted upon Plaintiff and his wanton disregard for her wellbeing, Plaintiff now suffers, and will continue to suffer, from severe and permanent emotional distress and psychological injuries.

35.    As a result of Defendant's actions, Plaintiff lives in fear that Defendant will disseminate these images and that friends, family or work colleagues may someday discover these images and that they will create repercussions in her personal and/or professional life. Plaintiff has also been forced to suffer the loss of a sense of control over her bodily autonomy as a result of Defendant's sexually violent and coercive behaviors and invasions of her privacy. Compounding that pain and suffering is the fact that Plaintiff had no awareness that the photos were taken, and

that Defendant took the photos when she was at her most vulnerable and exposed, sleeping unclothed.

36.     Plaintiff also suffers ongoing emotional distress as a result of Defendant's wrongful behavior, including but not limited to: severe anxiety, mental anguish, a sense of a loss of control, difficulty trusting others, feelings of humiliation and shame, and depression. Plaintiff's emotional distress also manifests in various physical symptoms that negatively affect her day-to-day life, including but not limited to: thoughts of self-harm, insomnia, crying spells, flashbacks, hair loss, loss of appetite, difficulty maintaining relationships, worsened sexual wellbeing, and inability to focus.

## COUNT ONE
(Battery)

37.     Plaintiff repeats, reiterates, and re-alleges each of the foregoing allegations with the same force and effect as fully set forth herein.

38.     Defendant intentionally and purposefully touched Plaintiff without her consent.

39.     Defendant's intentional and purposeful touching of Plaintiff was harmful and/or offensive in nature.

40.     Defendant's conduct was not justified, privileged, or excused under any recognized legal theory.

41.     As a direct and proximate result of Defendant's intentional acts, Plaintiff has suffered and will continue to suffer physical, emotional, and mental injuries.

42.     Plaintiff is entitled to recover damages from Defendant in an amount to be determined at trial.

## COUNT TWO

(Assault)

43.     Plaintiff repeats, reiterates, and re-alleges each of the foregoing allegations with the same force and effect as fully set forth herein.

44.     Defendant intentionally engaged in conduct that placed Plaintiff in reasonable and imminent apprehension of harmful or offensive contact.

45.     Defendant had the apparent present ability to carry out the threatened harmful or offensive contact.

46.     Defendant's conduct was not justified, privileged, or excused under any recognized legal theory.

47.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered emotional distress, fear, and mental anguish, and will continue to suffer such damages.

48.     Plaintiff is entitled to recover damages from Defendant in an amount to be determined at trial.

### COUNT THREE
(Intentional Infliction of Emotional Distress)

49.     Plaintiff repeats, reiterates, and re-alleges each of the foregoing allegations with the same force and effect as fully set forth herein.

50.     Defendant engaged in intentional, extreme, and outrageous conduct, including sexually assaulting Plaintiff, threatening her, and secretly taking nude photographs and videos of Plaintiff while she slept, without her knowledge or consent.

51.     Defendant's conduct was so extreme and outrageous in character and degree as to exceed all possible bounds of decency and to be utterly intolerable in a civilized society.

Date Filed 12/29/2025 7:43 PM
Superior Court - Suffolk
Docket Number

52.     Defendant acted with the intent to cause Plaintiff severe emotional distress, or with reckless disregard of the high probability that his conduct would cause such distress, including by violating Plaintiff's bodily autonomy for his own sexual gratification.

53.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer severe emotional distress and mental anguish.

54.     Defendant's actions were malicious, willful, wanton, and undertaken with reckless indifference to Plaintiff's rights, reputation, and mental well-being, thereby justifying an award of punitive damages to punish Defendant and deter similar conduct.

55.     Plaintiff demands judgment against Defendant for compensatory and punitive damages in an amount to be determined at trial, together with interest, attorneys' fees, costs, and disbursements.

## COUNT FOUR
### (Violation of M.G.L. c. 214, § 1B)

56.     Plaintiff repeats, reiterates, and re-alleges each of the foregoing allegations with the same force and effect as fully set forth herein.

57.     Massachusetts General Laws Chapter 214, Section 1B provides that a person shall have a right against unreasonable, substantial, or serious interference with his or her privacy.

58.     Defendant intentionally and without Plaintiff's knowledge or consent photographed and recorded Plaintiff nude and in a state of undress while she slept, in circumstances in which Plaintiff had a reasonable expectation of privacy.

59.     Defendant's conduct constituted an unreasonable, substantial, and serious interference with Plaintiff's privacy within the meaning of G.L. c. 214, § 1B.

60.     Defendant's actions were undertaken for his own sexual gratification and constituted a gross violation of Plaintiff's bodily autonomy, dignity, and right to be free from intrusion into her private life.

61.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer emotional distress, mental anguish, humiliation, and other damages.

62.     Defendant's conduct was willful, malicious, and undertaken with reckless disregard for Plaintiff's rights, entitling Plaintiff to recover compensatory damages and such further relief as is available under law.

63.     Plaintiff demands judgment against Defendant in an amount to be determined at trial, together with interest, costs, attorneys' fees where permitted, and such other relief as the Court deems just and proper.

## COUNT FIVE
(Intrusion Upon Seclusion)

64.     Plaintiff repeats, reiterates, and re-alleges each of the foregoing allegations with the same force and effect as fully set forth herein.

65.     Defendant intentionally intruded, physically and/or otherwise, upon the solitude, seclusion, and private affairs of Plaintiff by secretly photographing and recording Plaintiff nude and in a state of undress while she slept, without her knowledge or consent.

66.     At all relevant times, Plaintiff had a reasonable expectation of privacy in her body and in the location in which Defendant secretly recorded her.

67.     Defendant's intrusion was highly offensive to a reasonable person and constituted a serious invasion of Plaintiff's privacy.

9

Date Filed 12/29/2025 7:43 PM
Superior Court - Suffolk
Docket Number

68.     Defendant acted intentionally, willfully, and for his own sexual gratification, knowing or having reason to know that his conduct would be offensive and invasive.

69.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and other damages.

70.     Defendant's conduct was malicious, willful, and undertaken with reckless indifference to Plaintiff's rights, thereby entitling Plaintiff to compensatory and punitive damages under applicable law.

71.     Plaintiff demands judgment against Defendant in an amount to be determined at trial, together with interest, costs, attorneys' fees where permitted, and such other relief as the Court deems just and proper.

## JURY DEMAND

72.     Plaintiff demands a trial by jury on all issues and claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jane Doe respectfully requests that judgment be entered in her favor and against Defendant Adrian Looney awarding damages, including general, special, exemplary, and/or punitive damages to the extent permitted by law, in an amount to be determined at trial; awarding costs and fees of this action, including reasonable attorneys' fees to the extent permitted by law; and granting such other and further relief as the Court deems just and proper.

## <u>VERIFICATION</u>

I, Jane Doe, under penalty of perjury, hereby affirm and state as follows: (a) that I am the Jane Doe identified in the Verified Complaint; (b) that I have read the foregoing Verified Complaint; (c) that this verification is based upon my own personal knowledge, information and belief; (d) that as to any allegations asserted on information and belief, I have a reasonable basis to believe in the truth of such allegations; and (e) that I therefore believe the allegations in the foregoing Verified Complaint to be true, to the best of my knowledge, information and belief.

Dated: December 29, 2025

_____
Jane Doe

Respectfully submitted,

JANE DOE,

By her attorneys,

/s/ Korey S. Kajko
Korey S. Kajko (BBO# 707342)
SWEENEY MERRIGAN LAW, LLP
268 Summer Street, LL
Boston, MA 02210
Tel.: (617) 391-9001
Fax: (617) 357-9001
ksk@sweeneymerrigan.com

Dated: December 29, 2025

Date Filed 12/29/2025 7:43 PM
Superior Court - Suffolk
Docket Number

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Massachusetts Trial Court Superior Court |
|---|---|---|

| | COUNTY | Suffolk Superior Court (Boston) |

| Plaintiff | Jane Doe | Defendant | Adrian Looney |
|---|---|---|---|
| ADDRESS: | New York City, New York | ADDRESS: | 501 Congress Street, Apt. 2018 |
| | | | Boston, MA 02210 |

| Plaintiff Attorney: | Korey S. Kajko | Defendant Attorney: | |
|---|---|---|---|
| ADDRESS: | Sweeney Merrigan Law, LLP | ADDRESS: | |
| | 268 Summer Street, LL | | |
| | Boston, MA 02210 | | |
| BBO: | 707342 | BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | Other Tortious Action | F | ☒ YES   ☐ NO |

*If "Other" please describe: _____

Is there a claim under G.L. c. 93A?           Is there a class action under Mass. R. Civ. P. 23?
☐ YES   ☒ NO                               ☐ YES   ☒ NO

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

### TORT CLAIMS

A. Documented medical expenses to date

    1. Total hospital expenses _____

    2. Total doctor expenses _____

    3. Total chiropractic expenses _____

    4. Total physical therapy expenses _____

    5. Total other expenses (describe below) _____

| Total medical expenses are unknown at this time | |
|---|---|

                                                      Subtotal (1-5): _____ $0.00

B. Documented lost wages and compensation to date _____

C. Documented property damages to date _____

D. Reasonably anticipated future medical and hospital expenses _____

E. Reasonably anticipated lost wages _____

F. Other documented items of damages (describe below)      In excess of $50,000.00 +

| | |
|---|---|

                                     TOTAL (A-F):      In excess of $50,000.00 +

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

| Abusive conduct—including sexual assault and the nonconsensual creation and possession of explicit nude images of the plaintiff—caused severe emotional distress, mental anguish, humiliation, and significant damages. |
|---|

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

| Signature of Attorney/Self-Represented Plaintiff: X  /s/ Korey S. Kajko | Date: | December 29, 2025 |
|---|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

| |
|---|

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney: X  /s/ Korey S. Kajko | Date: | December 29, 2025 |
|---|---|---|

Date Filed 12/29/2025 7:43 PM
Superior Court - Suffolk
Docket Number

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality †*

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (F) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES  ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
## ACCURATELY, THE CASE MAY BE DISMISSED.

Date Filed 12/29/2025 7:43 PM
Superior Court - Suffolk
Docket Number

ER

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                           SUPERIOR COURT DEPARTMENT

JANE DOE,                          )
                                   )
            Plaintiff,             )
                                   )
v.                                 )              Civil Action No.
                                   )
ADRIAN LOONEY,                     )
                                   )
            Defendant.             )
                                   )

### PLAINTIFF'S MOTION FOR LEAVE TO PROCEED USING A PSEUDONYM

Plaintiff Jane Doe, by and through her attorneys, Sweeney Merrigan Law, LLP, respectfully moves the Court for leave to proceed under a pseudonym in this action. In support of this Motion, Plaintiff states as follows:

1. This action arises from Defendant's alleged sexual assault, sexual exploitation, and nonconsensual photographing and recording of Plaintiff in a state of nudity while she slept, as set forth in detail in the Verified Complaint.

2. The Verified Complaint alleges highly sensitive and deeply personal facts, including sexual violence, coercion, and the secret creation and possession of explicit images of Plaintiff's naked body, taken without her knowledge or consent while she was unconscious or asleep.

3. Massachusetts courts recognize that plaintiffs alleging sexual assault, sexual exploitation, and serious invasions of privacy may proceed under a pseudonym where disclosure of their identity would risk additional psychological harm, public humiliation, or retaliation, and where anonymity does not prejudice the defendant.

1

4. Plaintiff is a young woman who was twenty-two years old at the time of the events alleged and who continues to suffer significant emotional and psychological distress as a result of Defendant's conduct, including anxiety, depression, and fear of further exploitation.

5. Public disclosure of Plaintiff's identity would substantially compound the harm already inflicted by Defendant, particularly given the allegations involving nonconsensual nude images and Plaintiff's ongoing fear that such images may be disseminated.

6. Allowing Plaintiff to proceed under a pseudonym will not prejudice Defendant. Defendant is fully aware of Plaintiff's identity, the factual allegations against him, and the nature of the claims asserted. Defendant's ability to investigate, defend, and litigate this matter will not be impaired in any way.

7. Plaintiff seeks only to protect her identity from public disclosure; she does not seek to conceal information from Defendant or the Court, and she will comply with all discovery obligations under her true name subject to appropriate confidentiality protections.

8. The public interest in open judicial proceedings is outweighed here by Plaintiff's compelling interest in avoiding further trauma and protecting her privacy in a case involving sexual assault and egregious invasions of bodily autonomy.

9. Plaintiff further relies on the accompanying affidavit of counsel filed contemporaneously herewith.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order permitting her to proceed under the pseudonym "Jane Doe" in all public filings and proceedings in this matter, and granting such other and further relief as the Court deems just and proper.

2

Date Filed 12/29/2025 7:43 PM
Superior Court - Suffolk
Docket Number

Respectfully submitted,

JANE DOE,

By her attorneys,


*/s/ Korey S. Kajko*
Korey S. Kajko (BBO# 707342)
SWEENEY MERRIGAN LAW, LLP
268 Summer Street, LL
Boston, MA 02210
Tel.: (617) 391-9001
Fax: (617) 357-9001
ksk@sweeneymerrigan.com

Dated: December 29, 2025

3

Date Filed 12/29/2025 7:43 PM
Superior Court - Suffolk
Docket Number

ER

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPERIOR COURT DEPARTMENT

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ADRIAN LOONEY, | ) |
| | ) |
| Defendant. | ) |

Civil Action No.

## **AFFIDAVIT OF KOREY S. KAJKO**

I, Korey S. Kajko, hereby depose and say as follows:

1.    I am an attorney duly admitted to practice law in the Commonwealth of Massachusetts and an attorney at Sweeney Merrigan Law, LLP. I represent the Plaintiff in the above-captioned matter and submit this affidavit in support of Plaintiff's Motion for Leave to Proceed Using a Pseudonym.

2.    I have reviewed the Verified Complaint filed in this action and am familiar with the factual allegations and claims asserted therein.

3.    This case arises from allegations of sexual assault, sexual exploitation, and nonconsensual photographing and recording of Plaintiff in a state of nudity while she slept, as more fully set forth in the Verified Complaint.

4.    The allegations involve highly sensitive, personal, and intimate matters, including Defendant's alleged creation and possession of explicit images of Plaintiff taken without her knowledge or consent.

1

5.    Based on my communications with Plaintiff and my experience representing survivors of sexual assault, public disclosure of Plaintiff's identity in this matter would subject her to additional emotional distress, embarrassment, and fear of further exploitation, beyond that already caused by the conduct alleged.

6.    Plaintiff has a significant and well-founded concern that public identification in connection with this lawsuit would exacerbate her trauma and expose her to potential stigma, harassment, or misuse of the intimate images alleged in the Complaint.

7.    Allowing Plaintiff to proceed under a pseudonym will not prejudice Defendant. Defendant is aware of Plaintiff's identity and the factual basis of her claims, and Defendant's ability to investigate and defend this action will not be impaired.

8.    Plaintiff seeks anonymity solely with respect to public filings and proceedings and does not seek to withhold her identity from Defendant, defense counsel, or the Court.

9.    Based on the foregoing, allowing the Plaintiff to proceed under a pseudonym is necessary to protect her privacy and emotional well-being and is consistent with Massachusetts practice in cases involving sexual assault and serious invasions of personal privacy.

I declare under the pains and penalties of perjury that the foregoing is true and correct.

Dated: December 29, 2025

Korcy S. Kajko

2

Date Filed 12/30/2025 1:15 PM
Superior Court - Suffolk
Docket Number 2584CV03588

DV

**5**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                         SUPERIOR COURT DEPARTMENT

|                          |     |                                      |
| ------------------------ | --- | ------------------------------------ |
| JANE DOE,                | )   |                                      |
|                          | )   |                                      |
| Plaintiff,               | )   |                                      |
|                          | )   |                                      |
| v.                       | )   | Civil Action No. 2584CV03588         |
|                          | )   | B                                    |
| ADRIAN LOONEY,           | )   |                                      |
|                          | )   |                                      |
| Defendant.               | )   |                                      |

**PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER**

Pursuant to Rule 4(c) of the Massachusetts Rules of Civil Procedure, Plaintiff, Jane Doe, respectfully moves the Court to appoint Constable Joseph Topol and his agents of Middlesex Constable Service, P.O. Box 311, Carlisle, Massachusetts 01741, as special process server for the purposes of serving pleadings and other documents in the above-entitled action.   Plaintiff states that said process server is 18 years of age or over, not a party to this action, and is well experienced in the service of process.

WHEREFORE, Plaintiff respectfully requests that this Court allow this Motion, appoint Middlesex Constable Service as special process server in the above-entitled action, together with such other relief that the Court deems just and appropriate.

*Space intentionally left blank*

Respectfully submitted,

JANE DOE,

By her attorneys,


*/s/ Korey S. Kajko*
Korey S. Kajko (BBO# 707342)
SWEENEY MERRIGAN LAW, LLP
268 Summer Street, LL
Boston, MA 02210
Tel.: (617) 391-9001
Fax: (617) 357-9001
ksk@sweeneymerrigan.com

Dated: December 30, 2025

Date Filed 12/30/2026  1:45 PM
Superior Court - Suffolk
Docket Number 2584CV03588

*1/2*

NOTIFY

5

DV

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPERIOR COURT DEPARTMENT

|  |  |
|---|---|
| JANE DOE, | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| ADRIAN LOONEY, | ) |
| Defendant. | ) |

Civil Action No. 2584CV03588
B

**PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER**

Pursuant to Rule 4(c) of the Massachusetts Rules of Civil Procedure, Plaintiff, Jane Doe, respectfully moves the Court to appoint Constable Joseph Topol and his agents of Middlesex Constable Service, P.O. Box 311, Carlisle, Massachusetts 01741, as special process server for the purposes of serving pleadings and other documents in the above-entitled action.   Plaintiff states that said process server is 18 years of age or over, not a party to this action, and is well experienced in the service of process.

WHEREFORE, Plaintiff respectfully requests that this Court allow this Motion, appoint Middlesex Constable Service as special process server in the above-entitled action, together with such other relief that the Court deems just and appropriate.

*Space intentionally left blank*

5 January 2026, ALLOWED, Campbell, J. Attest: Christine M. Stage Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPERIOR COURT DEPARTMENT

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | |
| ADRIAN LOONEY, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S MOTION FOR LEAVE TO PROCEED USING A PSEUDONYM

Plaintiff Jane Doe, by and through her attorneys, Sweeney Merrigan Law, LLP, respectfully moves the Court for leave to proceed under a pseudonym in this action. In support of this Motion, Plaintiff states as follows:

1. This action arises from Defendant's alleged sexual assault, sexual exploitation, and nonconsensual photographing and recording of Plaintiff in a state of nudity while she slept, as set forth in detail in the Verified Complaint.

2. The Verified Complaint alleges highly sensitive and deeply personal facts, including sexual violence, coercion, and the secret creation and possession of explicit images of Plaintiff's naked body, taken without her knowledge or consent while she was unconscious or asleep.

3. Massachusetts courts recognize that plaintiffs alleging sexual assault, sexual exploitation, and serious invasions of privacy may proceed under a pseudonym where disclosure of their identity would risk additional psychological harm, public humiliation, or retaliation, and where anonymity does not prejudice the defendant.

1