UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**Jane Doe**
    Plaintiff

    v.

**Adrian Looney**
    Defendant

No. 26-cv-10153-FDS

DEFENDANT'S ANSWER
AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant Adrian Looney ("Defendant"), by counsel, hereby serves his Answer and Affirmative Defenses to the Complaint and denies each and every allegation contained in the Complaint not specifically admitted and demands strict proof. In response to the numbered paragraphs in Plaintiff's Complaint, Defendant responds as follows:

INTRODUCTION

1.    To the extent a response is required to this rhetoric, Defendant denies the allegations. This lawsuit is brought by a woman who posted a web advertisement in August 2024, at the start of her senior year in college, seeking a "Sugar Daddy" for a "Sugar Baby." She received thousands of dollars in cash and gifts from the Defendant and ended the arrangement when the Defendant declined to pay her the $8,000/month allowance she sought.

2.    Denied. This lawsuit was not brought to recover for an injury. There were no injuries. On May 25th, just prior to her flight home from London, the Plaintiff texted the Defendant: "miss you already 🥰 thank you so much for a wonderful trip, I had such a great time with you 💞." On May 26th: "I miss you," and "I'm excited to spend more time together …," and "Thank you!! 💗," in reply to the Defendant agreeing to the

Plaintiff's request to use his Uber account. On May 27th: "excited to see you in person soon as well :) 💗 also, would it be possible to discuss some of the details of our arrangement?" On May 29th, before Plaintiff's arrival at Defendant's apartment to pick up a suitcase purchased by the Defendant filled with gifts from London and then joining him for dinner: "haha just excited to see you." At dinner that night, their final meeting, they did discuss "some of the details" of their arrangement. The Plaintiff repeated her request for an allowance of $8,000/month. The Defendant declined. The end of the arrangement had nothing to do with anything other than the Plaintiff's desire for money.

PARTIES

3.     Admitted.

4.     Admitted.

FACTS

5.     Denied. Defendant met the Plaintiff through an on-line site, "Seeking." Defendant believes this was in early May 2025. Seeking is not a traditional "dating site." It is well known for facilitating "sugar dating," where older men support younger women with financial support. The Plaintiff was not seeking someone to date. The Plaintiff's listing on Seeking, with the username, "jasrosexx, 22," stated what she sought: "I am looking for someone who is patient and nurturing. An older man experienced in facilitating SB/SD ["Sugar Baby/Sugar Daddy"] relationships would be ideal. I am also open to short term relationships initially, meeting a few times a month or depending on how our schedules align." The listing additionally stated that the Plaintiff sought: a "Luxury Lifestyle," "Vacations," and "No Strings Attached."

6.     Defendant lacks sufficient knowledge or information to admit or deny the

2

allegations. He admits understating his age and making statements suggesting generosity.

7.    Defendant lacks sufficient knowledge or information to admit or deny the allegations.

8.    Defendant lacks sufficient knowledge or information to admit or deny the alleged quotations and admits that he made statements suggesting generosity. To the extent that the Plaintiff's rhetoric characterizing the Defendant's communications as "grand, romantic proclamations" requires a response: denied.

9.    Defendant lacks sufficient knowledge or information to admit or deny the alleged quotations. Defendant admits statements indicating an interest in joint travel.

10.    Descriptions of the Plaintiff's subjective thoughts do not require response. However, based on Plaintiff's communications and conduct, the Defendant does not believe that her interest in being funded by a "Sugar Daddy" had anything to do with a troubled workforce or an unstable economy. She never expressed any such concerns. She created the Seeking listing approximately nine months before graduating college. The Plaintiff had the ability and intelligence to successfully pursue employment. I believe that her decision to market herself as a "Sugar Baby" would have occurred in a booming economy. Her pursuit of a "Sugar Daddy" was about her character and desire for money, not about the state of the economy.

11.    Defendant admits that at some time, he and the Plaintiff began texting directly. He does not believe it was as early as April 27th. Defendant denies that Seeking is a regular "dating site." It is a "sugar dating" site dedicated to enabling the type of financial arrangement that the Plaintiff was seeking.

12.    Admitted.

13.     Denied. Plaintiff does not believe that the invitation to travel was offered at the initial meeting. At no time did the Defendant state that his employer would pay for any part of the Plaintiff's trip. Nor did he ask the Plaintiff to be part of a business trip. The Defendant's business trip was concluded prior to the Plaintiff joining him in London, and at no time did the Defendant have any interest in the Plaintiff arriving in London prior to the conclusion of the business portion of the trip. The Defendant was solely responsible for paying for the Plaintiff's trip, air travel, lodging, and for the numerous gifts given to her during and after the trip, and never said anything to the contrary.

14.     Descriptions of the Plaintiff's subjective thoughts do not require response. However, based on Plaintiff's communications and conduct, the Defendant believes that the Plaintiff did not have the slightest reservation about travelling to London, and was eager to take advantage of the free vacation.

15.     Denied. The Defendant admits meeting with the Defendant on or about May 6, 2025. The Defendant paid the Plaintiff $1,500 to attend this meeting and would not characterize it as a "date." The meeting was for the purpose of further exploring the possibility of a "Sugar Baby/Sugar Daddy" relationship.

16.     Denied. The Defendant admits asking the Plaintiff to travel to and meet him in London when his business work was concluded. Defendant did not ask the Plaintiff to join him on a business trip. The business portion of the trip ended prior to the Plaintiff's arrival. Nor did the communication happen on a "date."

17.     Defendant admits having consensual sex with the Plaintiff and otherwise denies the paragraph.

18.     Descriptions of the Plaintiff's subjective thoughts do not require response.

Defendant denies the assertion that the Plaintiff felt violated by a slap, as no strike occurred.

19.    Defendant admits that he travelled to London shortly after his second meeting with the Plaintiff and otherwise denies the paragraph.

20.    Defendant admits that he and the Plaintiff exchanged numerous texts. Defendant admits that he repeated his invitation for the Plaintiff to meet him. Defendant lacks sufficient knowledge or information to admit or deny whether, while he was in London, he communicated anything about the trip being at his expense. However, Defendant thinks that there may not have been any such communication, since it was clear from the start, given the nature of the relationship, that the Defendant would pay for the trip and that the only possible way in which the Plaintiff would make the trip was if she did not have to pay anything for it.

21.    Denied.

22.    Defendant admits that the Plaintiff travelled to London and that he helped the Plaintiff obtain a visa. The Defendant lacks sufficient knowledge or information to admit or deny the allegation that he helped "arrange" the visa "with his name, position and company, and the address of the hotel …" because he does not understand what this means.

23.    Defendant admits that soon after the Plaintiff's graduation, she stayed with him at the Roseate House and denies the rest of the paragraph. The business portion of the trip was over prior to the Plaintiff's arrival.

24.    Descriptions of the Plaintiff's subjective thoughts do not require response. The assertion that the trip was "devastating" is laughably false. Her text messages after the trip were effusive in describing how much she enjoyed the trip. She continued to frequently text with me after we returned from London. Near the end of the trip, the Plaintiff proposed

that I pay her $8,000 per month to continue seeing her, a proposition she repeated at our final meeting.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Plaintiff admits that the Plaintiff flew home on or about May 25th and denies the rest of the paragraph.

30.    Defendant admits that he took a nude photograph of the Plaintiff while she slept, which he shared with her.

31.    Defendant lacks sufficient knowledge or information to admit or deny when the Plaintiff first looked at the photograph, which was shared with her on an iCloud platform created by the Plaintiff to allow the parties to share photographs from the trip.

32.    Descriptions of the Plaintiff's subjective thoughts do not require response. Defendant denies telling the Plaintiff anything about disseminating photos. Based on the Plaintiff's conduct and statements, the Defendant denies that the Plaintiff felt distressed or violated, or that she feared dissemination of the photo to others. She never discussed the photo with the Defendant.

33.    Denied. Further, the Plaintiff told the Defendant that due to her work in modeling, she was comfortable with nude photography.

34.    Denied.

35.    Denied.

36.    Denied.

COUNT ONE

37.    Defendant incorporates by reference his responses to each and every paragraph of the Complaint.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

COUNT TWO

43.    Defendant incorporates by reference his responses to each and every paragraph of the Complaint.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

COUNT THREE

49.    Defendant incorporates by reference his responses to each and every paragraph of the Complaint.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Defendant denies any allegations that may be part of this paragraph and denies that the Plaintiff is entitled to any recovery or any form of relief whatsoever.

COUNT FOUR

56.    Defendant incorporates by reference his responses to each and every paragraph of the Complaint.

57.    This statement of law does not require a response.

58.    The Defendant admits taking a nude photograph of the Plaintiff while she slept, shortly after the parties had sex, and denies the remainder of the paragraph.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Defendant denies any allegations that may be part of this paragraph and any request for relief by the Plaintiff. Defendant denies that the Plaintiff is entitled to any recovery or any form of relief whatsoever.

COUNT FIVE

64.    Defendant incorporates by reference his responses to each and every paragraph of the Complaint.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Defendant denies any allegations that may be part of this paragraph and any request for relief by the Plaintiff. Defendant denies that the Plaintiff is entitled to any recovery or any form of relief whatsoever.

JURY DEMAND

72.    No response is required.

PRAYER FOR RELIEF

Defendant denies any allegations that may be part of the Plaintiff's Prayer for Relief. Defendant denies that the Plaintiff is entitled to any recovery or any form of relief whatsoever.

AFFIRMATIVE DEFENSES

The affirmative defenses set forth below include those being asserted for the purpose of placing Plaintiff on notice that such defenses may be raised if discovery supports their application. Defendant further gives notice and reserves the right to rely upon such other and further affirmative defenses as they become known during discovery.

FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted and therefore the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Without limitation, Defendant states:

- The Plaintiff states that she consented to being struck by the Defendant. The Defendant denies that this ever occurred. However, taking the allegation as true, the Plaintiff consented to being slapped, and being slapped harder than she anticipated does

9

not constitute a battery or any other tort.

- The allegation of an unconsented-to touching that occurred when the parties were naked in bed next to one another, as the Plaintiff slept, does not constitute a battery or any other tort.

- The Plaintiff does not allege facts that constitute an assault.

- The allegations, even if true, do not constitute the extreme and outrageous conduct required to support a claim for intentional infliction of emotional distress.

- The Defendant's taking of a nude photograph of the Plaintiff while she slept exposed on top of bed linens after having sex with the Defendant, never distributed to anyone other than the Plaintiff, does not constitute a violation of G.L. c. 214, § 1B.

- There is no independent common law tort of Intrusion Upon Seclusion distinct from a violation of G.L. c. 214, § 1B.

## SECOND AFFIRMATIVE DEFENSE

The acts or omissions which are alleged to have caused the damages and/or injuries referred to in the Complaint did not occur as alleged, and the Defendant is not legally responsible.

## THIRD AFFIRMATIVE DEFENSE

Defendant has not breached any legal duty owed to the Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

The Defendant was not the proximate cause of any of the alleged damages described in the Complaint and if any such damages exist, they were not the result of any conduct on the part of the Defendant.

FIFTH AFFIRMATIVE DEFENSE

To the extent that the Defendant had any obligations to the Plaintiff such obligations have been fully, completely, and properly performed in every respect.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate, minimize, or avoid damages, if any, and Defendant committed no wrongful act which caused damages to the Plaintiff.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has brought this action in bad faith and without basis and the Defendant should be entitled to recover his fees and costs.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's action is not timely and is barred by those statutes dealing with the limitations of actions, rules, regulations, or decisional law limiting causes of action.

NINTH AFFIRMATIVE DEFENSE

In an effort to improperly obtain damages from the Defendant, the Plaintiff has intentionally failed to disclose facts establishing that no improper conduct occurred and has defamed the Defendant's character.

WHEREFORE, the Defendant denies that the Plaintiff is entitled to judgment for damages, interest, costs, fees and/or other relief, and demands that judgment enter in Defendant's favor, dismissing Plaintiff's Complaint in its entirety, awarding Defendant his costs, expenses, and attorneys' fees, and any other such relief as the Court deems consistent with justice.

## JURY DEMAND

Defendant demands a trial by jury on all issues and claims so triable.

ADRIAN LOONEY
By his Attorney,

/s/ *Keith Halpern*

Keith Halpern, BBO # 545282
572 Washington Street, Suite 19
Wellesley, MA 02482

CERTIFICATE OF SERVICE
I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 28, 2026.

/s/ *Keith Halpern*

12